**Manuel SOTO, Plaintiff–Appellant,**

v.

**BROOKLYN CORRECTIONAL FACILITY, Defendant– Appellee.**

No. 285, Docket 94–2152.

United States Court of Appeals, Second Circuit.

Submitted Oct. 13, 1995.

Decided Feb. 12, 1996.

Manuel Soto, Sonyea, N.Y., submitted a pro se brief.

Paul A. Crotty, Corporation Counsel of the City of New York, Timothy J. O'Shaughnessy, Grace Goodman, New York City, submitted a brief, for appellee.

Before: NEWMAN, Chief Judge, CARDAMONE and CABRANES, Circuit Judges.

JON O. NEWMAN, Chief Judge:

This appeal concerns the not unusual situation of a *pro se* litigant who files a civil rights suit against an institutional defendant without naming the individual defendants who might be liable for the claims he is endeavoring to assert. Manuel Soto appeals from a judgment of the United States District Court for the Eastern District of New York (Eugene H. Nickerson, Judge), dismissing a claim under 42 U.S.C. § 1983 against the Brooklyn Correctional Facility for failure to allege that the conduct of which Soto complains was intentional and part of a custom or policy of BCF. Because we conclude that Soto, a *pro se* litigant, mistakenly failed to name the individual corrections officers who might be liable and that Soto might be able now to remedy that deficiency, we reverse and remand so that, after appropriate discovery, Soto may move the District Court for

leave to amend the complaint naming individual officers as defendants.

## Background

The complaint, viewed in the light most favorable to Soto, *see Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir.), *cert. denied*, —— U.S. ——, 115 S.Ct. 117, 130 L.Ed.2d 63 (1994), alleged the following. On December 24, 1990, Soto, a pretrial detainee at the Brooklyn Correctional Facility ("BCF"), was attacked by other detainees with a pencil fitted with a make-shift metal point. The attackers stabbed Soto in the nose, causing him to suffer a deviated septum and respiratory problems—injuries from which he alleges he still suffers. Soto was taken to a hospital.

After Soto was released from the hospital, he was returned to BCF. Although he pointed out to corrections officers the inmates who had assaulted him, the officers returned Soto to the same housing unit with the attackers and took no action against them. On January 30, 1991, while the officer on duty was away from his post, Soto was attacked again. This time, seven inmates pulled him from his bed, gagged him with a towel, removed his clothes, and held him against the dormitory radiator. Soto suffered second degree burns on his abdomen, thigh, and scrotum.

On February 8, 1993, Soto filed suit for violation of his constitutional rights, naming only BCF as a defendant. The District Court subsequently denied Soto's request for appointment of counsel, finding his claim unlikely to be of substance. Apparently viewing the complaint as pleading a *Monell* claim, *see Monell v. New York City Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) (policy or custom is necessary element of a section 1983 claim against a municipal institution), BCF moved to dismiss the complaint because Soto had failed to allege that BCF had an institutional policy or custom of inadequately protecting and supervising detainees. The District Court granted BCF's motion and dismissed the complaint.

## Discussion

To maintain a section 1983 action arising from conduct that was not alleged to have been part of any institutional custom or policy, Soto should have named as defendants, not BCF, but the corrections officers responsible for returning him to housing with his tormenters and leaving him in their company unsupervised. Because New York's three-year limitations period, applicable to section 1983 claims, *see Owens v. Okure*, 488 U.S. 235, 236, 109 S.Ct. 573, 574, 102 L.Ed.2d 594 (1989), expired in January 1994, Soto may now amend his complaint to add those officers only if the amendment would "relate back" to the date he filed his original complaint. *See* Fed.R.Civ.P. 15(c)(3). Thus the issue posed by this appeal is whether such an amendment would relate back.

An amendment to a pleading that attempts to bring in a new party will "relate back" to the date of the original pleading when (1) the claim arises out of the same conduct originally pleaded and (2) within (ordinarily) 120 days of the original filing date,

> the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be *prejudiced* in maintaining a defense on the merits, and (B) knew or should have known that, but for a *mistake* concerning the identity of the proper party, the action would have been brought against the party.

Fed.R.Civ.P. 15(c)(3) (emphasis added). It will be convenient to consider the "mistake" and "prejudice" criteria in reverse order.

A. *Mistake.* For Soto's amended complaint to relate back to the date of his original complaint he must show that he failed to name the individual officers due to a "mistake concerning the identity of the proper party." Fed.R.Civ.P. 15(c)(3)(B). This phrasing of the "mistake" criterion was introduced in the 1966 amendment to Rule 15. According to the Advisory Committee Note accompanying the 1966 amendment, the language was prompted by several cases in which plaintiffs, unaware of the technical requirements of the law, mistakenly named institutional instead of individual defendants. *See Cohn v. Federal Security Administra-*

*tion,* 199 F.Supp. 884 (W.D.N.Y.1961); *Hall v. Department of Health, Education and Welfare,* 199 F.Supp. 833 (S.D.Tex.1960); *Cunningham v. United States,* 199 F.Supp. 541 (W.D.Mo.1958). In these cases, plaintiffs, who were required by statute to sue the Secretary of Health, Education and Welfare, "had mistakenly named as defendant[s] the United States, the Department of HEW, [and] the 'Federal Security Administration' (a nonexistent agency). . . ." Fed.R.Civ.P. 15 advisory committee note (1966 amendment). The amendment was expressly intended to preserve legitimate suits despite such mistakes of law at the pleading stage.

Courts in other jurisdictions have held that " 'mistake' as used in Rule 15(c) applies to mistakes of law as well as fact." *Woods v. Indiana University—Purdue University,* 996 F.2d 880, 887 (7th Cir.1993), *citing Hampton v. Hanrahan,* 522 F.Supp. 140, 144 (N.D.Ill.1981). *See also Taliferro v. Costello,* 467 F.Supp. 33, 36 (E.D.Pa.1979) (amended complaint adding new defendant relates back whenever original complaint indicates that joinder of defendant is "distinct possibility"); *Williams v. Avis Transport of Canada, Ltd.,* 57 F.R.D. 53, 55 (D.C.Nev.1972) (amended complaint adding new defendant relates back whenever plaintiff could have named defendant in original complaint).

In *Woods,* the defendant sued his former employer, a state university and its police department, for conducting an illegal search of his home and for firing him when marijuana was recovered in the search. Not until the limitations period had expired did Woods' counsel realize that he should have sued the individual officers instead of the state university, which was immune from suit under the Eleventh Amendment. The Court held that the test for "relation back" in such cases was whether, under clearly established law, the proper defendants knew that they, and not the named defendants, should have been sued. Because "every state's sovereign immunity from, and all state employees' personal exposure to, Section 1983 liability" was clearly established when the suit was filed, the officers should have known that they would have been named defendants in the

action "but for the mistake by Woods' lawyer." *Woods,* 996 F.2d at 887.

■ The "mistake" by Soto was only slightly less apparent. Municipalities, unlike states, are "persons" for purposes of section 1983 liability, *Monell,* 436 U.S. at 690, 98 S.Ct. at 2035–36; Soto's complaint might have survived the motion to dismiss had he been able to allege that BCF had a custom or policy of inadequately protecting detainees. Soto's complaint, however, clearly did not allege any such custom or policy. Since government officials are charged with knowing the law, *Walsh v. Franco,* 849 F.2d 66, 68 (2d Cir.1988) (citing *Harlow v. Fitzgerald,* 457 U.S. 800, 815, 102 S.Ct. 2727, 2736–37, 73 L.Ed.2d 396 (1982)), any BCF corrections officers who were aware of a lawsuit arising out of the attack on Soto "knew or should have known" that they, not BCF, were subject to liability for the constitutional torts he alleged.

In the circumstances of Soto's case, our prior decisions construing the "mistake" requirement of Rule 15(c) do not foreclose an amendment naming individual defendants that relates back to the original filing date. In *Cornwell v. Robinson,* 23 F.3d 694 (2d Cir.1994), we held that an amended complaint adding individual defendants did not relate back where the plaintiff had shown neither factual mistake (*i.e.,* that she misapprehended the identities of the individuals she wished to sue) nor legal mistake (*i.e.,* that she misunderstood the legal requirements of her cause of action). In *Cornwell,* the plaintiff had sued her institutional employer under section 1983 and Title VII. In her original complaint, she had pleaded facts showing that her employer had a policy of treating women differently than men; she also described numerous incidents of harassment and identified the individual perpetrators. After the limitations period had run, Cornwell amended her complaint, adding as defendants the individuals whom she had identified in her original pleading. We found no mistake; Cornwell had always known the identities of the individuals, and her original complaint had been legally sufficient. "Cornwell was not required to sue [the individual defendants], and her failure to do so in the

original complaint ... must be considered a matter of choice, not mistake." *Id.* at 705.

In contrast, under section 1983, Soto *was* required to sue the individual defendants to maintain an action arising out of the January 1991 attack. His failure to do so cannot be considered a matter of choice; but for his mistake as to the technicalities of constitutional tort law, he would have named the officers in the original complaint, within the three-year limitations period, or at least named the superintendent of the facility and obtained the names of the responsible officers through discovery. *See Satchell v. Dilworth,* 745 F.2d 781, 786 (2d Cir.1984); *Gordon v. Leeke,* 574 F.2d 1147, 1152–53 (4th Cir.), *cert. denied,* 439 U.S. 970, 99 S.Ct. 464, 58 L.Ed.2d 431 (1978); *cf. Munz v. Parr,* 758 F.2d 1254, 1257 (8th Cir.1985) (permitting plaintiff to name "John Doe" defendants until identities ascertained through discovery); *Gillespie v. Civiletti,* 629 F.2d 637, 643 (9th Cir.1980) (same).

More recently, in *Barrow v. Wethersfield Police Department,* 66 F.3d 466 (2d Cir. 1995), *modified,* 74 F.3d 1366 (2d Cir.1995), we declined to read Rule 15 as permitting the plaintiff to amend his complaint, after the limitations period, to name individual police officers. In that case, however, the District Judge had expressly admonished the plaintiff, before the limitations period had expired, to discover the names of the individual officers and to amend his complaint to add them as defendants. The plaintiff's only response was to name ten "John Doe" officers. The Department refused to accept service on behalf of the unnamed officers, and the limitations period expired. We distinguished that case from one involving an innocent mistake of law:

> Here we are not faced with a plaintiff who mistakenly believed that suing the police department, rather than a department head, would suffice. Instead, Barrow was informed by the court—within the limitations period as Barrow construes it— that he needed to name the individual officers as defendants. Therefore, Barrow was not "mistaken" for purposes of Rule 15(c)—he knew exactly what the court required.

74 F.3d at 1367.

Unlike Barrow, Soto did not know that he needed to name individual defendants, and his failure to do so, under the circumstances of this case, can be characterized as a "mistake" for purposes of Rule 15(c)(3).

■ B. *Prejudice.* Before Soto may amend the complaint to add the officers, the limiting provision of Rule 15(c)(3)(A) must be satisfied: Soto may amend the complaint to bring in the officers only if the officers actually received "such notice of the institution of the action that [they] will not be prejudiced in maintaining a defense on the merits."

Because the relation-back issue was not raised in the District Court, the officers have not had an opportunity to demonstrate that an amendment naming them as defendants would now prejudice their defenses. On remand, the District Court should first permit reasonable discovery for identification of the individual officers who might be responsible for the alleged constitutional tort and then, upon a proper motion for leave to amend, determine whether and when any of these officers received such notice of Soto's suit against BCF as will avoid prejudice to the officers in maintaining a defense. As to any such officers who will not be prejudiced, the Court should permit Soto to amend his complaint, relating back to the date of the original complaint. The District Court might also wish to reconsider Soto's request for appointment of counsel.

Reversed and remanded.