104 F.3d 352
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Antwane CARLISLE, Plaintiff-Appellant,
v.
CITY of Yonkers, Yonkers Police Department, Detective Lyons,
and Detective Surlack, Defendants-Appellees.
 No. 96-2356.
 United States Court of Appeals, Second Circuit.
 Nov. 29, 1996.
 
 S.D.N.Y.
 AFFIRMED IN PART, VACATED IN PART.
 Appearing for Appellant: ANTWANE CARLISLE, Attica, New York.
 Appearing for Appellee: ELISABETH A. PALLADINO, Yonkers, New York.
 Present CARDAMONE and CALABRESI, Circuit Judges, and POOLER, District Judge.*
 UPON CONSIDERATION of this appeal from a judgment of the United States District Court for the Southern District of New York (Stanton, J.), it is hereby
 ORDERED, ADJUDGED, AND DECREED that the judgment be and it hereby is AFFIRMED IN PART, VACATED AND REMANDED IN PART.
 Antwane Carlisle, pro se, in forma pauperis, and incarcerated, appeals from an order dated April 9, 1996, in the United States District Court for the Southern District of New York (Stanton, J.), granting defendants' motion for summary judgment and denying Carlisle's motion to amend his complaint.
 
 
 1
 On July 14, 1992, Detectives Michael Lyons and Joseph Surlack of the Yonkers Police Department were dispatched to the scene of a reported rape. The victim gave a detailed description of her assailant's physical appearance and clothing and noted that he smelled strongly of cologne. In his complaint, Carlisle alleges that at approximately 1:30 a.m. that night Yonkers Police Officers Amodeo and Drogan, who had heard a police broadcast describing the suspect, detained Carlisle at gunpoint while he was using a public telephone, despite his failure to fit the description. The officers released Carlisle, apparently because he did not smell of cologne, and told him that they were searching for a suspect in a rape investigation. Later that morning, Detectives Surlack and Lyons obtained a warrant for Carlisle's arrest on the basis of the victim's positive identification of Carlisle in a photo array. It does not appear from the record that Surlack and Lyons were aware that Carlisle had already been detained briefly by Amodeo and Drogan. A grand jury indicted Carlisle on charges of first degree rape, but the indictment was later dismissed.
 
 
 2
 Carlisle subsequently brought this suit against the City of Yonkers (the "City"), the Yonkers Police Department ("YPD"), Detective Surlack, Detective Lyons, Westchester County, and the Westchester County District Attorney's Office, alleging violations of his constitutional rights under 42 U.S.C. § 1983. On November 18, 1994, the district court dismissed the claims against the County and the District Attorney pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6). In an order dated April 9, 1996, the court granted the remaining defendants' motion for summary judgment and denied Carlisle's motion to amend his complaint to name Amodeo and Drogan as defendants. On appeal, Carlisle argues that the court erred in denying his motion to amend the complaint and in granting summary judgment to the City, the YPD, Surlack and Lyons.
 
 
 3
 In order to maintain a claim under § 1983, a plaintiff must show that a person acting under color of state law deprived him of a federal right. 42 U.S.C. § 1983; Rodriguez v. Phillips, 66 F.3d 470, 481 (2d Cir.1995). Although municipalities are considered "persons" for purposes of the statute, a local government may be held liable under § 1983 only when the "execution of [the] government's policy or custom, ... inflicts the [constitutional] injury." Monell v. Department of Soc. Serv., 436 U.S. 658, 694 (1978). Carlisle claims that the City and the YPD maintained discriminatory stop and arrest policies pursuant to which police officers detained black persons solely on the basis of their race, but he offers no facts, other than his own detention by Amodeo and Drogan, to support this allegation. As a general matter, however, a municipal policy cannot be inferred from a single incident of illegality. See City of Oklahoma City v. Tuttle, 471 U.S. 808, 823-24 (1985). Because Carlisle's complaint and supporting documents were insufficient to establish a custom or policy of discriminatory arrests, the district court properly granted summary judgment for the City and the YPD.
 
 
 4
 Carlisle's claim against Surlack and Lyons alleges that the officers lacked probable cause to obtain the arrest warrant because they relied on false information from another officer, Detective Cola, and because the photo array in which he was identified by the victim was improperly suggestive. There is nothing in the record or in Carlisle's pleadings to support his allegation that the photo array was improper. Cf. United States v. Eltayib, 88 F.3d 157 (2d Cir.1996) (holding that photo array is improperly suggestive if picture of the accused differs significantly from others in the array). The array was generated by a computer and included photographs of five persons who closely matched the victim's description of the assailant. Carlisle's conclusory allegations of impropriety are insufficient to defeat a motion for summary judgment. See Meiri v. Dacon, 759 F.2d 989, 998 (2d Cir.), cert. denied, 474 U.S. 829 (1985). Because false information voids a warrant "only if the information was necessary to the finding of probable cause," see United States v. Moore, 968 F.2d 216, 222 (2d Cir.), cert. denied sub nom., 506 U.S. 980 (1992), and the victim's identification of Carlisle from the photo array was sufficient to establish probable cause to support Carlisle's arrest, see Mayer v. Moeykens, 494 F.2d 855, 858 n. 2 (2d. Cir.), cert. denied, 417 U.S. 926 (1974), we need not address Carlisle's claim that Officer Cola provided false information to Surlack and Lyons. Accordingly, the district court's grant of summary judgment to Surlack and Lyons is affirmed.
 
 
 5
 In granting summary judgment to the defendants, however, the district court dismissed Carlisle's claims with prejudice, despite the fact that Carlisle sought to amend his complaint to name Officers Amodeo and Drogan as defendants. Under Fed.R.Civ.P. 15(a), a party "may amend a pleading once as a matter of course at any time before a responsive pleading is served," and "by leave of court or by written consent of the adverse party" thereafter. Leave to amend is to be "freely given when justice so requires." Fed.R.Civ.P. 15(a). It is well established that where a pro se litigant has alleged a meritorious claim but has failed to name the proper defendant, he should be directed to obtain the requisite information and allowed an opportunity to amend his complaint. See Soto v. Brooklyn Correctional Facility, 80 F.3d 34, 37 (2d. Cir.1996) (remanding to allow § 1983 plaintiff to engage in discovery to identify proper defendant); Satchell v. Dilworth, 745 F.2d 781, 785 (2d Cir.1984). It appears that Carlisle may have a meritorious claim with regard to Officers Amodeo and Drogan. An investigative detention, no matter how brief, must be based upon an officer's "reasonable suspicion" that criminal activity has occurred or is about to occur." United States v. Tehrani, 49 F.3d 54, 58 (2d Cir.1995). The reasonable suspicion must be particularized, see United States v. Cortez, 449 U.S. 411, 417-18 (1981), and the scope and duration of the detention are evaluated for reasonableness. Tehrani, 49 F.3d at 58 (holding that an "investigation must be as minimally intrusive as possible, bearing in mind the circumstances that gave rise to the suspicion."). Carlisle contends that both his physical appearance and his clothing were substantially different from the description given by the victim. He also argues that it was unreasonable for the officers to detain him at gunpoint. We express no opinion as to the merits of these claims, but they are not manifestly frivolous. Under the circumstances, the plaintiff should not be denied an opportunity to amend his complaint. We therefore vacate the district court's order denying Carlisle's motion to amend his complaint and remand for further proceedings.
 
 
 
 *
 The Honorable Rosemary S. Pooler, District Judge of the United States District Court for the Northern District of New York, sitting by designation