**Thomas G. LEMBACH, Plaintiff,**

v.

**STATE OF INDIANA, Indiana Department of Correction, D. Bruce Jordan, Warden of the Indiana State Farm, a member of the Indiana Department of Correction, in his individual capacity, and Alice Culver, Nursing Superintendent at the Indiana State Farm, in her individual capacity, Defendants.**

**No. 1:97–CV–2.**

United States District Court,
N.D. Indiana,
Fort Wayne Division.

Nov. 14, 1997.

---

**8.** Interestingly, Morgan also testified that the brakes could be changed without exposing the wheel locking assembly.

Linda Peters Chrzan, Harold W. Myers, Wyss McNellis Riebenack and Myers, Fort Wayne, IN, for Plaintiff.

Thomas D. Quigley, Office of Indiana Attorney General, Indianapolis, IN, for Defendants.

## ORDER

WILLIAM C. LEE, Chief Judge.

This matter is before the court on the Second Motion to Dismiss filed by Defendants Indiana Department of Correction

("IDOC"), D. Bruce Jordan ("Jordan"), and Alice Culver ("Culver") on August 26, 1997. Plaintiff Thomas Lembach filed a response to the motion on September 22, 1997, and the IDOC filed a reply on October 10.[1] For the following reasons, the Motion to Dismiss is **GRANTED.**

## DISCUSSION

Thomas Lembach brought this action on January 3, 1997, alleging violations of 42 U.S.C. § 1983. On January 28, 1997, the IDOC filed a motion to dismiss, arguing that it was entitled to 11th Amendment immunity. Lembach filed no response to that motion. Instead, on February 27 (well beyond the deadline for filing a response to the motion) Lembach filed a motion to amend his complaint. The court, Magistrate Judge Roger B. Cosbey, granted Lembach's motion on March 10 and the amended complaint was filed on that same day. In his amended complaint, Lembach named as Defendants D. Bruce Jordan, the Warden of the Indiana State Prison (now known as the Putnamville Correctional Facility), and Alice Culver, the Nursing Supervisor at the prison. Both were sued in their individual capacities. By Order entered on March 24, the court granted the motion to dismiss as to the IDOC and the State of Indiana. In addition to 11th Amendment immunity, the court noted that a state and state agencies (the IDOC is an arm of the State of Indiana, since it is established as part of the executive branch of state government) are not "persons" for purposes of § 1983 and so cannot be sued under that statute. *Will v. Michigan Department of State Police,* 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Accordingly, the court dismissed with prejudice all of Lembach's constitutional claims against the State of Indiana and the IDOC. Lembach's constitutional claims against Jordan and Culver survived that initial motion, as did his supplemental state law tort claim arising out of the same underlying facts.

In the present motion to dismiss, the IDOC argues that 11th Amendment immunity protects it from being sued on Lembach's state claim as well as his constitutional claims. Jordan and Culver argue that the suit should be dismissed because Lembach's claims against them are "barred by the state statute of limitations." Memorandum in Support of Second Motion to Dismiss Amended Complaint, p. 3 ("Defendants' Memorandum"). Despite the fact that Lembach filed this action before the statute of limitations expired, Jordan and Culver argue that since they were never sued or served until *after* the limitations period expired this action against them is time barred.

### 1. Eleventh Amendment Immunity

 As the court explained in its March 24 Order, the State of Indiana and the IDOC are entitled to 11th Amendment immunity from a suit for damages. *Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984); *Moore v. State of Indiana,* 999 F.2d 1125 (7th Cir.1993). While states can waive that immunity, Indiana has expressly *not* waived its 11th Amendment immunity. I.C. § 34–4–16.7–3. Accordingly, this court dismissed Lembach's § 1983 claims against the State and the IDOC since the 11th Amendment divests the court of "subject matter jurisdiction with regard to any damage claims against the State of Indiana [or] the Indiana Department of Correction …" *Moore,* 999 F.2d at 1129.[2] In its March 24 Order, the

---

1. Plaintiff also filed, on October 20, "Plaintiff's Response to Defendant's Reply to Plaintiff's Opposition to Defendants' Second Motion to Dismiss Amended Complaint." Such a filing is not contemplated by Local Rule 7.1, which specifically provides for a motion and supporting brief, a response brief by the nonmovant, and a reply brief by the movant. Plaintiff did not seek leave of court to file a sur reply (and, in fact, this brief would not constitute a sur reply since it does not address any new issue raised by the movant's reply brief). Normally, the court would not consider such a filing when ruling on a motion to dismiss. However, the court notes that Defendants' reply brief is much more extensive than

their first brief and contains a much more in-depth discussion of Defendants' arguments in support of their motion to dismiss. Lembach may have felt compelled to file an additional brief. For that reason, and since none of the Defendants objected to the additional brief, the court will consider it to the degree that it may clarify any of the arguments presented in this matter.

2. The 11th Amendment bar to suit "remains in effect when State officials are sued for damages in their official capacities." *Moore,* 999 F.2d at 1128. In the present case, however, Lembach

court held that since this action remained in this court as a result of Lembach's constitutional claims against Jordan and Culver, the court could exercise supplemental jurisdiction over Lembach's state law claim pursuant to 28 U.S.C. § 1367. However, the IDOC argues that Lembach's state law claims were asserted only against the State of Indiana and the IDOC. Complaint, Exhibit A, Notice of Tort Claim. As the IDOC correctly points out, the 11th Amendment would therefore act as a jurisdictional bar to these claims also. Defendants' Memorandum, pp. 4–5. In *Pennhurst*, the Supreme Court addressed this issue and held as follows:

> [N]either pendent jurisdiction nor any other basis of jurisdiction may override the Eleventh Amendment. A federal court must examine each claim in a case to see if the court's jurisdiction over that claim is barred by the Eleventh Amendment. We concluded above that a claim that state officials violated state law in carrying out their official responsibilities is a claim against the State that is protected by the Eleventh Amendment.... We now hold that this principle applies as well to state-law claims brought into federal court under pendent jurisdiction.

*Pennhurst*, 465 U.S. at 121, 104 S.Ct. at 919. Accordingly, this court is without subject matter jurisdiction over Lembach's state law claims against the IDOC and the State of Indiana and those claims must be dismissed.[3]

■ There is one final point with regard to Lembach's claims against the IDOC and the State of Indiana. Since these claims must be dismissed for want of subject-matter jurisdiction, the dismissal must be without prejudice. *T.W. and M.W. by Enk v. Brophy*, 124 F.3d 893, 898 (7th Cir.1997). A dismissal with prejudice "would bar, by operation of the doctrine of res judicata, the relitigation of the suit on the merits even though the district court, by definition of not

having subject-matter jurisdiction, could not resolve the merits." *Id.* To the extent that Lembach may be able to assert any claims against the IDOC or the State of Indiana in state court, his claims against those entities in this case must be dismissed without prejudice. In its March 24 Order, the court dismissed Lembach's constitutional claims against the IDOC and the State of Indiana with prejudice. The court hereby vacates the dismissal of those claims with prejudice and now enters dismissal of those claims without prejudice.

**2. Statute of Limitations as to Jordan and Culver**

■ As Defendants properly point out, "[t]he statute of limitations for actions under 42 U.S.C. § 1983 is the forum state's statute for recovery of damages for personal injuries." Defendants' Memorandum, p. 3 (citing *Wilson v. Garcia*, 471 U.S. 261, 276, 105 S.Ct. 1938, 1947, 85 L.Ed.2d 254 (1985)). In their memorandum, Jordan and Culver state that Lembach claims that his 8th Amendment rights were violated between January 8, 1995 and February 21, 1995. They further state that "Plaintiff served the amended complaint upon Defendants Jordan and Culver on July 31, 1997. Consequently, the federal and state claims against these two defendants are barred by the state statute of limitations." Defendants' Memorandum, p. 3. Lembach filed his complaint in this case on January 3, 1997, prior to the expiration of the statute of limitations. Thus, at first glance it would appear that the argument pressed by Jordan and Culver is without merit, since it is the date of the filing of a lawsuit, and not the date service is effected, that determines whether a suit was filed timely. However, as Defendants explain more thoroughly in their reply brief, the issue of the statute of limita-

sued Jordan and Culver only in their individual capacities.

**3.** No appearance was ever filed in this case on behalf of the State of Indiana. The court's docket reflects that an Alias Summons was issued as to the State on February 18, 1997. However, there is no proof of service as to the State, which may indicate that Plaintiff never requested same. Defendant IDOC states in its reply brief, after

arguing that it is entitled to 11th Amendment immunity, that "[t]he same conclusion would, obviously, apply to claims against the State of Indiana had the State been served." Defendants' Reply, p. 5, n. 1. Notwithstanding the fact that the State has not appeared in this case, the court must *sua sponte* dismiss Lembach's claims against the State for the same reasons that his claims against the IDOC must be dismissed.

tions as it applies to Jordan and Culver is not that simple.

Lembach argues that the whole matter is a non-issue, since Jordan and Culver were brought into this action via an amended complaint. Lembach states that the Defendants' "contention fails to take into consideration Trial Rule 15(c)." Plaintiff's Response, p. 2. Rule 15(c) provides, in relevant part, as follows:

(c) **Relation Back of Amendments.** An amendment of a pleading relates back to the date of the original pleading when (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Thus, argues Lembach, the statute of limitations does not bar his claims against Jordan and Culver, since they were brought into the suit by amended complaint and the relation back rule applies. Lembach further argues as follows:

Because Plaintiff's Amended Complaint for Violation of Civil Rights and Pendant State Claims filed on March 10, 1997, does not assert a new claim but simply more clearly delineates Plaintiff's original claim by further specifically identifying the wrongdoers to include Jordan ... and Culver ...; because the facts alleged against Defendants Jordan and Culver arose out of the same conduct, transaction and occurrence set forth, or attempted to be set forth, in the original Complaint; because Culver and Jordan received notice of the institution of this action upon its filing and are therefore not prejudiced in maintaining a defense on the merits; and because Culver and Jordan knew or should have known that, but for a mistake concerning the inclusion of all the proper and necessary parties, the original Complaint would have been brought against them, Defendants' Second Motion to Dismiss Amended Complaint should fail.

Plaintiff's Response, p. 3. In support of his position, Lembach cites the case of *Staren v. American Nat. Bank & Trust Co. Of Chicago,* 529 F.2d 1257 (7th Cir.1976). In *Staren,* the Seventh Circuit stated as follows:

It is well settled that the Federal Rules of Civil Procedure are to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits and to dispense with technical procedural problems. To this end, amendments pursuant to Rule 15(c) should be freely allowed. Further, the cases clearly state that notice is the critical element involved in Rule 15(c) determinations.

*Staren,* 529 F.2d at 1263. Lembach also claims that "[b]ecause Culver and Jordan are agents of the [IDOC], they have an identity of interests with the [IDOC] which allows the relating back of the Amended Complaint ..." Plaintiff's Response, p. 6. Lembach also argues that Jordan and Culver had adequate notice of this action since the attorney representing them also represents the IDOC. *Id.*

Jordan and Culver, however, argue that Lembach misapplies the relation back provision of Rule 15. They argue that "the last alleged act attributed to either Defendant in the amended complaint occurred on February 21, 1995 ..." Defendants' Reply, pp. 7–8; *see* Amended Complaint, ¶ 24. Defendants concede that if a plaintiff files a motion to amend his complaint, along with a copy of the proposed amended complaint, the statute of limitations is tolled at the time that motion is filed. Defendants' Reply, p. 7. However, argue Jordan and Culver, since Lembach did not file his motion to amend until February 27, 1997, the statute of limitations had already expired. Consequently, Lembach's claims against them are barred.

Jordan and Culver further argue that even if Lembach's claims were not barred by the statute of limitations, relation back would not apply since Lembach fails to meet the criteria of provision (c)(3) of Rule 15. The Defendants argue that the language in Rule 15(c)(3) referring to an amendment that "changes the party ... against whom a claim is asserted" must be read in conjunction with the rest of the language in that subsection. The subsection permits an amendment to name new parties only if certain conditions are satisfied. One of those conditions is the requirement that the party brought in by amendment "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party." Jordan and Culver argue that: (1) naming them as defendants was not simply an effort by Lembach to correct a "mistake" concerning the naming of the proper parties; and (2) that they did not know that this action should have been brought against them. In support of their first argument, Defendants cite the case of *Worthington v. Wilson*, 8 F.3d 1253 (7th Cir.1993). In *Worthington*, a plaintiff filed suit on the day the statute of limitations was to expire and named as defendants "three unknown police officers" among others. He later filed an amended complaint substituting two named police officers. The police officers filed a motion to dismiss, arguing that the claims asserted against them were time-barred, and the district court granted the motion. In affirming the district court, the Seventh Circuit discussed the meaning of "mistake" as that term is used in Rule 15(c). The court explained as follows:

[A]mendment with relation back is generally permitted in order to correct a misnomer of a defendant where the proper defendant is already before the court and the effect is merely to correct the name under which he is sued. But a new defendant cannot normally be substituted or added by amendment after the statute of limitations has run. . . . [Rule 15(c)(3) ] permits an amendment to relate back only where there has been an error made concerning the identity of the proper party and where

that party is chargeable with knowledge of the mistake, but it does not permit relation back where, as here, there is a lack of knowledge of the proper party. Thus, in the absence of a mistake in the identification of the proper party, it is irrelevant for purposes of [Rule 15(c)(3) ] whether or not the purported substitute party knew or should have known that the action would have been brought against him.

*Worthington,* 8 F.3d at 1256 (quoting *Wood v. Worachek,* 618 F.2d 1225, 1229–30 (7th Cir.1980)). Jordan and Culver argue that Lembach's amended complaint does not simply correct a misnomer, but rather, improperly names two entirely new defendants. As they state, "Plaintiff knew the identities of Defendants Jordan and Culver,[4] he simply chose not to name them for more than four weeks after the [IDOC] pointed out [in its original motion to dismiss] that it was not a proper party." Defendants' Reply, p. 13.

A second condition contained in Rule 15(c) is that "within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment ... has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense the merits ..." Jordan and Culver point out that a plaintiff must obtain leave of court in order to amend his complaint to name new defendants. Defendants' Reply, p. 8 (citing *Moore* and other cases). Magistrate Judge Cosbey granted Lembach's motion to amend his complaint on March 10, 1997 and the amended complaint was filed on that same date. Allowing an additional three days pursuant to Fed.R.Civ.P. 6(e), the 120–day period by which Jordan and Culver should have received notice of the action against them expired on July 11, 1997. However, Jordan and Culver were not served with summons until July 31. As Jordan and Culver also point out, Lembach made no showing of good cause for not serving them within 120 days and he did not obtain an extension of time from the court in which to do so. Lembach argues that Rule 15(c) does not specifically require that new defendants actually be

4. Culver was mentioned in Lembach's Notice of Tort Claim filed with the State in April of 1995, and Jordan, of course, was the superintendent of

the prison in which Lembach was incarcerated at the time of the alleged violations.

served within 120 days, only that they receive "notice" of the suit so they will not be prejudiced in maintaining a defense. Plaintiff's "Sur Reply," p. 6. Lembach quotes the case of *Donald v. Cook County Sheriff's Department*, 95 F.3d 548 (7th Cir.1996). In *Donald*, the Seventh Circuit held that the "issue of whether an amended complaint relates back to the original complaint turns on actual notice, not on whether process has been served." *Donald*, 95 F.3d at 560. But *Donald* is distinguishable from *Worthington*, as the Seventh Circuit discusses. In *Donald*, the inmate plaintiff sued the sheriff's department instead of the actual officers involved in the incident that was the basis of his § 1983 action. After the statute of limitations had expired, the inmate moved to amend his complaint to name individual defendants. The Seventh Circuit held that Donald's failure to name individual defendants amounted to a legal "mistake" and that pursuant to Rule 15(c) his amended complaint, even though filed after the statute of limitations had run, related back to the date of his original complaint. The court remanded the case to the district court for a determination of the issue of whether the individual defendants had adequate notice of the suit. However, there are two important distinctions between *Donald* and the present case. First, Donald was proceeding *pro se* and was incarcerated at the time he filed his suit and his amended complaint. Second, Donald did not know the identity of the individual defendants at the time he filed his lawsuit. The Seventh Circuit noted that Donald "was precluded from conducting a precomplaint inquiry because of his incarceration." *Id.* at 561. Based on those facts, the court determined that the situation was different from that in *Worthington* and that Donald's amended complaint should have related back to his original complaint for purposes of naming new, individual defendants.[5]

Lembach also cites the case of *Soto v. Brooklyn Correctional Facility*, 80 F.3d 34 (2d Cir.1996). In *Soto*, the plaintiff named as a defendant in a § 1983 action the Brooklyn Correctional Facility, a municipal agency, rather than the individual confinement officers who were allegedly responsible for the constitutional violations of which Soto complained. The district court dismissed the case since it found that Soto failed to allege that the BCF had in place any policy or practice that caused his injuries, which would subject the BCF to liability under § 1983 pursuant to the *Monell* doctrine. The Second Circuit reversed and remanded, holding that Soto's failure to name the proper defendants constituted a "mistake" as that term is contemplated by Rule 15(c). The court held that "[s]ince government officials are charged with knowing the law ... any BCF corrections officers who were aware of a lawsuit arising out of the attack on Soto 'knew or should have known' that they, not BCF, were subject to liability for the constitutional torts he alleged." *Id.* at 36.

As Jordan and Culver point out, *Soto*, like *Donald*, involved a *pro se* prisoner litigant. Indeed, the Second Circuit noted that the *Soto* case involved "the not unusual situation of a *pro se* litigant who files a civil rights suit against an institutional defendant without naming the individual defendants who might be liable for the claims he is endeavoring to assert." *Soto*, 80 F.3d at 34. In the present case, as Jordan and Culver argue, Lembach was represented by counsel from the outset of this action and thus the reasoning of *Soto* and *Donald* should not apply. However, Lembach also cites the case of *Woods v. Indiana University–Purdue University*, 996 F.2d 880 (7th Cir.1993). In *Woods*, the plaintiff, who was represented by counsel, filed suit against the University, a state entity entitled to 11th Amendment immunity, but failed to name any individual defendants. After the limitations period had expired, Woods' lawyer finally "wised up" and attempted to name individual defendants by

---

5. More specifically, the Seventh Circuit held that if the district court on remand determined that the amendment did not relate back to the original complaint, it should consider whether to apply the doctrine of equitable tolling of the statute of limitations. The court explained that "[t]he doctrine of equitable tolling 'permits a plaintiff to sue after the statute of limitations has expired if through no fault or lack of diligence on his part he was unable to sue before, even though the defendant took no active steps to prevent him from suing.'" *Donald*, 95 F.3d at 561 (citation omitted). In the present case, Lembach does not claim that he was prevented from suing any defendant within the limitations period and so the doctrine of equitable tolling is not an issue.

amended complaint. The district court granted summary judgment for the individual defendants on the basis that Woods' amended complaint did not relate back and so the claims against the individuals were barred by limitations. The Seventh Circuit reversed, stating as follows:

> [I]t was the legal blunder of Woods' counsel—his "mistake"—that caused his continued (and fruitless) pursuit of state agencies rather than individual state actors as defendants in the case and ... the law ascribes to *everyone*, including the later-named individuals, the knowledge of the law that prescribes the potential Section 1983 liability of those individuals and not of the State itself—so that if it had not been for counsel's legal blunder, those individuals would have been the targets of the Complaint from the outset.
>
> . . .
>
> [T]he statute of limitations does not insulate from suit an individual who did not initially receive service (or other notice) in the correct capacity, so long as no prejudice resulted. For purposes of the analysis it must be kept in mind that [Rule 15(c)'s] language also *expressly* contemplates the prospect of the retrospective application of an amended complaint to a defendant who was *not* named originally but who was added only later, when plaintiff or plaintiff's attorney realized that the defendant should have been named at the outset. And that of course includes (indeed, it would far more commonly involve) a defendant who was not named at all to begin with (as was true in *Kirk* in the Section 1983 context, and as is true in virtually every lawsuit out of the Section 1983 context), rather than a defendant who was named at the beginning but was originally sued in the wrong capacity.

*Woods*, 996 F.2d at 887 and 888 (referencing *Kirk v. Cronvich*, 629 F.2d 404 (5th Cir. 1980), which held that relation back was proper when a plaintiff amended his complaint to name a sheriff in his official and individual capacities as a substitute for the previously named defendants—a municipality and the sheriff's department).

The cases cited by Lembach and just discussed above would appear to be on point with the present case. Lembach's lawyers made a legal blunder when they named the State of Indiana and the IDOC as defendants in the original complaint. They attempted to correct that mistake via an amended complaint. While the holdings in *Wood, Donald,* and *Soto* appear to be at odds with the holdings of *Worthington* and *Wood,* the court is aware that the intended purpose of Rule 15(c) is to prevent harmless procedural errors from being fatal to a plaintiff's suit, thereby preventing an adjudication on the merits. The issue then becomes, was this error harmless? More specifically, the real inquiry in this case is, did Jordan and Culver have notice of the pendency of this suit so that they would not be prejudiced if the court permitted Lembach to maintain this action against them?

Lembach argues that Jordan and Culver did have adequate notice as required under Rule 15(c). He argues that because Jordan and Culver are employees of the IDOC they are agents of that Department, and consequently "have an identity of interest with the [IDOC] which requires that the amendment adding [them] relate back to the filing of the original Complaint." Plaintiff's Response, p. 5. In support of this contention, Lembach cites the *Staren* case. In *Staren* the Seventh Circuit held that an amended complaint substituting a corporation as plaintiff in place of two individual plaintiffs. The court wrote that "[t]he substitution of ... parties after the applicable statute of limitations may have run is not significant when the change is merely formal and in no way alters the known facts and issues on which the action is based. The courts have freely upheld the filing of an amended complaint under these circumstances." *Staren,* 529 F.2d at 1263. The court reasoned that the amendment was proper since the claims in the amended complaint "arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading." *Id.* The court further stated that "the substituted corporate plaintiff had such an identity of interest with the individual plaintiffs that the original complaint served to notify [the] defendant ... of the actual claim being asserted against it, with no resulting prejudice to its interests." *Id.* Similarly, argues Lembach, Jordan and Culver have an identity of

interests with the IDOC and so cannot be said to be prejudiced by the amended complaint naming them as defendants. In *Staren* the individual plaintiff John Staren sued the defendant over a securities transaction. Because the transaction involved not only John Staren but also a corporate entity known as Staren & Co., Inc., and because there existed a question of fact as to whether the individual plaintiffs or the corporation were the actual purchasers of the securities at issue, the Seventh Circuit concluded that they had an identity of interests and that the defendant was not prejudiced by the amendment to the complaint. Lembach argues that since the IDOC "was notified of this amendment via the court's March 10, 1997, Order" that notice should be imputed to Jordan and Culver. Lembach also argues that the filing of the original complaint in January of 1997 constituted notice to Jordan and Culver. However, as Defendants point out, they were, at all times relevant, employed at the Putnamville Correctional Facility. However, "[t]he Putnamville Correctional Facility ... was not named a defendant, nor was anyone served there. Service was on the [IDOC] through its commissioner in Indianapolis and upon the attorney general, also in Indianapolis. Service of process did not give Defendants Jordan and Culver notice." Defendants' Reply, p. 10. Defendants' argument seems to be that they simply do not have the sort of "identity of interests" that was present in *Staren*.

"The identity of interests principle is often applied where the original and added parties are a parent corporation and its wholly owned subsidiary, two related corporations whose officers, directors, or shareholders are substantially identical ... or share office space, past and present forms of the same enterprise, or co-executors of an estate." *Capdevila v. Sheahan,* 1995 WL 399690 (N.D.Ill.). The doctrine has frequently been applied, as it was in the *Capdevila* case and several of the cases cited by Lembach, to permit relation back where a prisoner names a sheriff as an individual defendant after having first named an unsuable entity as the defendant in a civil rights suit.

The court determines that it would require a leap in logic to apply the "identity of interests" reasoning of *Staren* or *Capdevila* to the present case. Here, while Jordan and Culver were in fact employees of the IDOC, they were working at one of the department's locations, which was never served with process in this suit. In all the cases wherein an amendment naming new defendants was upheld, the connection between the original defendant and the individual brought in by amendment was much stronger and more direct than is present here. In *Soto,* for example, the plaintiff sued a jail rather than the individual officers responsible for his injury. The jail was served and so jail officials were aware of the lawsuit. Thus the Second Circuit concluded that any confinement officers who knew of Soto's injuries and the lawsuit that flowed from them knew or should have known that they were subject to liability in the suit. In *Woods,* the plaintiff sued Indiana University–Purdue University and, since the institution was served with process, the individual tortfeasors presumably knew or should have known that they might be subjected to potential liability. In *Staren,* as set forth above, the individual plaintiff was a principal in the corporation that was named a party plaintiff by amended complaint. In the present case, the court is not convinced that the mere fact that Jordan and Culver were employees of the IDOC provides an adequate nexus between them and the original defendant for applying the identity of interests doctrine. Jordan and Culver, rather than having such an identity of interests with the IDOC, were merely two IDOC employees who (notwithstanding their alleged involvement in a violation of Lembach's civil rights) were never sued at all until after the limitations period expired.

■■■ Lembach also argues that Jordan and Culver had notice of the suit by virtue of the fact that they are represented by the same counsel representing the IDOC, and because they were aware of the filing of Lembach's Notice of Tort Claim with the State. As Defendants properly point out, that first argument must fail. The very point was addressed in *Woods,* wherein the Seventh Circuit held that "Woods suggests that relation back is proper because all the defendants share the same counsel. But there is nothing to suggest that those defendants were represented by that counsel with-

in the time frame specified by ... Rule 15(c)—long before they were named in the Amended Complaint." *Woods,* 996 F.2d at 889, n. 14. As stated previously, Jordan and Culver were served with summons on July 31, 1997 and Deputy Attorney General Thomas Quigley filed his appearance on their behalf on August 26, 1997. There is no evidence (nor does Lembach allege) that Quigley or any other attorney with the State Attorney General's Office was representing Jordan or Culver on March 10, 1997 or prior thereto. As to the Notice of Tort Claim, which was filed in April of 1995, Defendants argue as follows:

> The notice may have put state personnel on notice of the *claim,* but it could not have put them on notice of the *suit.* If anything, when more than two years passed after the notice was filed and no process was served at the prison, someone with knowledge of the tort claim notice would reasonably have concluded that no suit was going to be filed. Thus, the filing of the notice in April 1995 does not suggest Defendants Jordan and Culver were, or should have been, aware of the suit before August 1997, but instead suggests they should have put the matter behind them when February 1997 passed without service of process.

Defendants' Reply, p. 11 (underlining in original).

While it may be true that Jordan and Culver were aware of the facts underlying the present suit, that is a far cry from having notice of the suit itself as required by Rule 15(c). A negligent driver who crashes into another vehicle and injures the other driver is obviously aware of the incident, and may even be aware that he has potential legal liability. But if he is not served with process or otherwise notified of a lawsuit within the applicable time period (be that the limitations period or the period provided by Rule 15(c)), it cannot be said that an amendment naming him as a defendant would not prejudice him. Furthermore, unlike a sheriff whose department is sued and served with process, or university officials whose institution is served with summons, there is no evidence in the present case that Jordan or Culver had actual or constructive notice of Lembach's suit.

■ Finally, as Defendants' point out, applying the reasoning of *Woods* and *Donald* as opposed to the reasoning of *Worthington* would "place upon the shoulders of Defendants Jordan and Culver any burden arising from the apparent 'legal blunder' of Plaintiff's attorneys and to exonerate Plaintiff and his counsel from responsibility for their decision to name state agencies." Defendants' Reply, pp. 18–19. It was a mistake for Lembach's counsel to name the State of Indiana and the IDOC as defendants in a § 1983 suit for damages. Had they corrected the problem soon after the IDOC filed its original motion to dismiss 25 days after the filing of the complaint, the present motion by Jordan and Culver could never have been filed. However, as Defendants point out, Lembach's counsel did not file a motion to amend until February 27, 1997, which was beyond the statute of limitations period. Notwithstanding the fact that Rule 15(c) is to be applied fairly liberally to avoid dismissing a plaintiff's suit on procedural grounds, it would likewise not be equitable to punish Jordan and Culver by applying the relation back rule to correct the failures by Lembach's counsel to name the proper defendants in this action and to do so within the limitations period or, in the alternative, to provide notice to those defendants within the time frame prescribed by Rule 15(c).

Thus, the court finds that the cases cited by Lembach are factually distinguishable from the present case and that Jordan and Culver did not receive notice of their exposure to liability in this suit as contemplated by Rule 15(c). In addition, the court determines that the identity of interests doctrine should not be applied merely because Jordan and Culver were employed by the IDOC. Accordingly, the Defendants' motion to dismiss the claims against Jordan and Culver will be granted.

## CONCLUSION

For the reasons set forth above, the Second Motion to Dismiss filed by the Defendants is **GRANTED.** Plaintiff Lembach's state law claims against the State of Indiana and the Indiana Department of Correction are hereby **DISMISSED WITHOUT PREJ-**

**UDICE.** The court's Order of March 24, 1997 dismissing with prejudice Lembach's constitutional claims against the State of Indiana and the Indiana Department of Correction is **VACATED.** Lembach's constitutional claims against the State of Indiana and the IDOC are hereby **DISMISSED WITHOUT PREJUDICE.** Lembach's § 1983 claims against Defendants D. Bruce Jordan and Alice Culver are **DISMISSED WITH PREJUDICE.** To the extent that any of Lembach's state law claims could be construed to be asserted against Jordan and/or Culver in any capacity, those claims are **DISMISSED WITHOUT PREJUDICE.**