Jonathan JOHNSON, Plaintiff–
Appellant,

v.

James STINSON, Superintendent at
Great Meadow Correctional Facility,
Several Unknown, Defendants–Appel-
lees.

No. 01–0117.

United States Court of Appeals,
Second Circuit.

Jan. 25, 2002.

Jonathan Johnson, pro se.

Julie M. Sheridan, Assistant Solicitor
General, Albany, NY; Peter H. Schiff,
Senior Counsel, on the brief, for Eliot Spit-

zer, Attorney General of the State of New York, for Appellee.

Present SACK, KATZMANN and B. FLETCHER,* Circuit Judges.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court, entered on April 25, 2001, be, and it hereby is, AFFIRMED.

The plaintiff Jonathan Johnson, *pro se*, appeals from a judgment of the United States District Court for the Northern District of New York (Donald E. Walter, *Judge*) denying his motion to amend his amended complaint and granting the defendant Stinson's motion for summary judgment.

Johnson's complaint, initially filed on August 3, 1995 and amended on October 5, 1995, alleges that Stinson, superintendent of the Great Meadow Correctional Facility in which the plaintiff is incarcerated, and several other unknown correctional officers, interfered with his legal mail and thereby violated his right of equal access to the courts under the Fourteenth Amendment. He brought this action under 42 U.S.C. § 1983.

■ We review the district court's decision to deny Johnson's motion for leave to amend his complaint for abuse of discretion. *Nettis v. Levitt*, 241 F.3d 186, 192 (2d Cir.2001). The district court denied Johnson's motion to amend his complaint as untimely. More than five years ago, Magistrate Judge Gustave DiBianco ordered Johnson to amend his complaint to identify the unknown defendants and warned him that failure to do so would result in its dismissal with prejudice as to the unidentified defendants. Because Johnson "failed to take diligent action at that time," the district court refused to permit him "to vitiate [Magistrate Judge DiBianco's] order with this untimely motion." Op. at 5.

■ We have previously noted that "even when a suit is brought by a *pro se* litigant, 'an amended complaint adding new defendants [cannot] relate back if the newly-added defendants were not named originally because the plaintiff did not know their identities.'" *Tapia–Ortiz v. Doe*, 171 F.3d 150, 152 (2d Cir.1999) (*per curiam*) (quoting *Barrow v. Wethersfield Police Dep't*, 66 F.3d 466, 470 (2d Cir. 1995)). That is the case here. Johnson does not seek to correct a misnomer or misidentification in his complaint; he seeks to add new defendants—the unknown correctional officers whom he failed to identify in 1995. The district court therefore did not abuse its discretion by denying Johnson's motion.

■ We review the district court's grant of summary judgment to the defendant Stinson *de novo*. *Allstate Ins. Co. v. Mazzola*, 175 F.3d 255, 258 (2d Cir.1999). The district court granted Stinson summary judgment because Johnson failed to allege facts from which a trier of fact could conclude that Stinson was personally involved in any of the alleged interference with Johnson's mail; and "[t]here is no *respondeat superior* liability in § 1983 cases." *Green v. Bauvi*, 46 F.3d 189, 194 (2d Cir.1995) (citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)). We have reviewed the record and agree with the district court that it does not contain any evidence that creates a genuine issue of material fact as to whether Stinson bears liability for the alleged mail interference in his capacity as a supervisory official. *See*

---

* The Honorable Betty B. Fletcher, Senior Circuit Judge of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

*Williams v. Smith,* 781 F.2d 319, 323–24 (2d Cir.1986) (setting forth the three bases for liability of a supervisory official).

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.