Ernest MOSLEY, Plaintiff,

v.

Joseph JABLONSKY, Nassau County Sheriff's Department, Nassau County Police Department, Defendants.

No. CV 95–608(TCP)(WDW).

United States District Court,
E.D. New York.

April 8, 2002.

Christian Arron Pickney, Hempstead, NY, Ernest Mosley, Coxsackie, NY, for plaintiff.

Judy Schwartz, Owen B. Walsh, Nassau County Attorney, Deputy County Attorney, Mineola, NY, for defendant.

## ORDER

WALL, United States Magistrate Judge.

Before the court is a motion by the plaintiff to amend his complaint, seven years after the lawsuit was commenced. The plaintiff seeks to file a "Supplemental Complaint Pursuant to Rule 15(d)." Rule 15(d), however, provides for supplemental pleadings that set forth "transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." The proposed amended complaint does not set forth events that took place since the original complaint was filed. Instead, he seeks to add one or more new defendants who were allegedly involved in the same events that are at issue in the original complaint, and to add some details about those events. Thus,

the motion will be treated as one to amend. The motion is opposed by the defendants.

For the reasons set forth herein, the motion is granted in part and denied in part.

## BACKGROUND

The pro se plaintiff commenced this action in February 1995, alleging excessive force by three Nassau County Corrections Officers on October 31, 1994.[1] The complaint, set forth on a standard "FORM TO BE USED BY A PRISONER IN FILING A COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. SEC.1983," is far from being a model of clarity. The caption, which instructs plaintiff to enter "the full names of the defendant or defendants in this action," reads:

Joesph [sic] Jablonsky

Nassau County Sheriff's Department

Divison [sic] of Correction

It is not clear whether the caption was intended to specify one, two, or three defendants, but the Clerk's Office apparently interpreted it to indicate three defendants—Jablonsky, the County Sheriff's Department, and the County Police Department, inasmuch as those are the names that appear in the official caption of the action. The body of the complaint specifically mentions Officers Holt, Kusky and "Goveren"[2] as the officers who allegedly mistreated Mosley. The complaint also mentions a fourth officer, C.O. Boyd, who allegedly witnessed the incident but took no part in it. On the page of the complaint that asks the plaintiff to "list all defendants to this lawsuit and the address at which each may be served," Mosley listed Kusky, Holt, McGovern (Goveren), Boyd and their badge numbers, but no addresses.

1. The court notes, in light of the Supreme Court's recent decision in *Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002), that Mosley indicated, on his original complaint, that he had followed the prisoner grievance procedure in regard to the claims in his Section 1983 complaint, which alleges the use of excessive force by several police officers. *Nussle*, reversing a decision of the Second Circuit, held that the Prison Litigation Reform Act of 1995 (PLRA), 42 U.S.C. § 1997e, which requires exhaustion of administrative remedies by plaintiffs prior to bringing a claim under section 1983, applies to claims of excessive force by correc-

tions officers. Mosley does not report what the outcome of his grievance was, nor does the record allow the court to determine with accuracy whether Mosley exhausted his administrative remedies.

2. In his moving papers, Mosley refers to the police officer as "Goveren," but the defendants, in their opposition papers, refer to an Officer "McGovern." In his reply papers, Mosley uses the name McGovern, and that is the name the court will use in the remainder of this order.

Mosley made a motion to proceed in forma pauperis, and the four officers did not appear in the caption of that motion, either. In fact, the caption on the Declaration to Proceed in Support of Request to Proceed in Forma Pauperis lists only Joseph Jablonsky c/o Nassau County Sheriff's Dept./ Division of Correction. District Judge Platt's Order Granting Leave to Proceed in Forma Pauperis orders the Clerk of the Court to serve and file the complaint, and includes the "Nassau County Sheriff's Dept., Division of Correction, [and Joseph Jablonsky,] Sheriff, Nassau County," as defendants. Documents in the file reflect service on Joseph Jablonsky and on Owen Walsh, Nassau County Attorney.

The plaintiff, in his reply papers, claims that he is moving to amend to include only one defendant, Boyd, "because service has already some time ago been affected [sic] on Kusky, Holt, Jablonsky and McGovern." 3/8/02 Mosley Letter. Nothing in the record before the court indicates service on any individuals other than Jablonsky, however, and the court will proceed on the assumption that the individual police officers were never served, despite their inclusion on the list of defendants in the original complaint. Presumably, they were not served because they did not appear in the caption. The record reflects, however, that they have been referred to as defendants in various court papers.

On or about October 23, 1998, a Notice of Appearance was filed by Christian Aaron Pickney, Esq., as counsel for Mosley. On or about May 28, 1999, the court granted Mr. Pickney's application to be relieved as counsel for plaintiff, and Mosley has proceeded pro se since then. The basis for Mr. Pickney's application was his representation to the court that he had to withdraw based on his discovery that "one of the named defendants [Boyd] is a former co-worker and personal friend" of Pickney's. The defendants did not oppose the motion, nor did they correct the statement that Dwayne Boyd was a defendant in the action.

The court also referred to the four officers as defendants. In an order dated February 19, 1999, Magistrate Judge Pohorelsky, who was formerly assigned to this matter, ordered the production of personnel files of Kusky, Holt, McGovern and Boyd, referring to them as defendants in the action. Moreover, the plaintiff referred to them as defendants in interrogatories, but the file does not reflect whether the defendants addressed the issue in their responses.

Despite the apparent confusion as to who was a defendant, the parties conducted discovery and discovery was closed, by order of Magistrate Judge Pohorelsky, on April 16, 1999.

## DISCUSSION

The plaintiff was told, in the undersigned's order dated January 16, 2002, that, contrary to his apparent belief, set forth in his letter dated December 31, 2001, that he has a per se right to amend the complaint at least once, Federal Rule of Civil Procedure 15(a) plainly states that a party may amend his pleading "once as a matter of course *at any time before a responsive pleading is served ...*" Here, a responsive pleading—the answer—was long ago served, and the time to amend as of right has long since passed. The plaintiff was told that if he wanted to amend the complaint, he had to make a motion to do so pursuant to Fed.R.Civ.P. Rule 15(a), including with his motion papers a copy of the proposed amended complaint.

He filed and served motion papers on February 1, 2002. As noted earlier, although the plaintiff moves pursuant to Rule 15(d), there is no basis for a supplemental complaint, and the court will instead treat the motion as one to amend. The proposed amended complaint would add Officers Kusky, Holt, McGovern and Boyd as new defendants, and add details regarding his claim against Officer Boyd, based on the events that allegedly took place on October 31, 1994. The caption on the proposed amended complaint lists Joseph Jablonsky, the Nassau County Division of Corrections (listed twice), Kusky, Holt, McGovern and Boyd. It omits the Nassau County Sheriff's Department and the Nassau County Police Department, both of which are currently named as defendants in the lawsuit. It is not clear what entity Mosley intends to indicate

by listing the Nassau County Division of Corrections. In the "Defendants" section of the body of the complaint, Mosley lists only the four officers and Joseph Jablonsky, whom he identifies as "a correction officer at the Nassau County Correction facility" who is "employed as supervisor in the facility." The amended complaint, like the original complaint, contains no allegations against either the Police or Sheriff's Departments.

It is well settled that "leave to amend should be freely granted when 'justice so requires.'" *See Pangburn v. Culbertson*, 200 F.3d 65, 70 (2d Cir.1999)(quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)). And, a pro se litigant should be given "every reasonable opportunity to demonstrate that he has a valid claim." *Satchell v. Dilworth*, 745 F.2d 781, 785 (2d Cir.1984). Nonetheless, "a motion to amend should be denied if there is an apparent or declared reason—such as undue delay, bad faith or dilatory motive ..., repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, [or] futility of amendment." *Foman*, 371 U.S. at 182, 83 S.Ct. 227; *see also Dluhos v. Floating and Abandoned Vessel Known as "New York"*, 162 F.3d 63, 69 (2d Cir.1998).

■ As explained *supra*, the court treats the motion as one to add four new individual defendants to the plaintiff's section 1983 complaint. The three year statute of limitations for actions pursuant to 42 U.S.C. § 1983 expired in 1997, and the plaintiff would be barred from initiating a new lawsuit against the four officers unless the amendments relate back to the date of the original pleading. Relation back of amendments to the date of the original pleadings is governed by Fed. R.Civ.P. 15(c), which provides, in pertinent part, that the amendment relates back when:

(2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or

(3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision

(2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

The applicable provision here is (3), which first looks to whether or not provision (2) has been satisfied. It has been satisfied, inasmuch as the claims set forth in the amended complaint arose out of the conduct of October 31, 1994, the basis for the claims set forth in the original complaint. While there is no dispute that the claims asserted in the proposed complaint arise out of the same conduct as that asserted in the original complaint, the parties disagree as to whether Mosley's failure to name the four officers as defendants was the result of the kind of mistake contemplated by Rule 15(3)(B), and whether the individual officers received adequate notice of the institution of the action so as to avoid prejudice (see Rule 15(3)(A)). The court will first address the question of whether Mosley's failure was a mistake under Rule 15.

The relation back provision of Rule 15 looks to whether a "mistake" excuses the party's failure to name the proposed defendants in the first instance. The Second Circuit has held that the requirement in Rule 15(c) that a new defendant "knew" he was not named due to a mistake concerning identity "presupposes that in fact the reason for his not being named was a mistake in identity." *Cornwell v. Robinson*, 23 F.3d 694, 705 (2d Cir.1994). Like the plaintiff in *Cornwell*, Mosley does not allege that he would have named the individual defendants in his original complaint "but for a mistake concerning identity," and, as in *Cornwell*, such an assertion would not be tenable. *Id.* Mosley clearly knew the identities of the proposed new defendants, and mentioned them in his complaint. Thus, there was no mistake of fact.

Rule 15(c) has been interpreted to allow for mistakes of law as well as fact, however,

including a legal mistake concerning the requirements of the cause of action. *See Soto v. Brooklyn Correctional Facility*, 80 F.3d 34 (2d Cir.1996); *see also Almeda v. City of New York*, 2001 WL 868286, 2001 U.S. Dist. LEXIS 10605 (E.D.N.Y. July 26, 2001). In *Soto*, relation back was allowed where the plaintiff was required to name additional defendants to preserve the viability of his section 1983 claim. To make out a claim against a municipality under section 1983, a plaintiff must do more than simply allege that agents of the municipality violated his rights; he must also show that the deprivation of his rights occurred pursuant to a municipal custom or policy of depriving persons of those rights. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Economic Opportunity Comm'n of Nassau County v. Nassau County*, 47 F.Supp.2d 353, 370–71 (E.D.N.Y.1999).

In the original complaint, Mosley failed to make a single allegation against either the Police Department or the Sheriff's Department, and nowhere mentions a municipal custom or policy. Similarly, there are no factual allegations against Sheriff Jablonsky in the original complaint. Moreover, even if Jablonsky is viewed as a "supervisor," Mosley's description of him in the amended complaint, he could not be liable on that basis. Supervisors cannot be held liable for a constitutional violation under a theory of respondeat superior, but rather must have participated personally in the alleged violation. *See Monell*, 436 U.S. at 691, 98 S.Ct. 2018; *see also Jolley v. Meachum*, 2000 WL 427276, at *1–*2, 2000 U.S.App. LEXIS 7290, at *4 (Apr. 20, 2000). Where, as here and in *Soto*, the plaintiff both fails to name the correct individual defendants and fails to make a Monell claim against the named defendants, the complaint does not make out a viable section 1983 claim and is subject to dismissal.[3]

The facts in *Soto* are similar in some ways to those presented here. Soto, a pro se plaintiff, named only a correctional facility as a defendant and did not allege a custom or policy of inadequately protecting detainees, thus failing to allege a Monell claim. The Second Circuit found that the pro se plaintiff was required to sue individual police officers that had not been named in the original complaint in order to maintain his action. But for the pro se plaintiff's mistake "as to the technicalities of constitutional tort law," the court reasoned, the plaintiff "would have named the officers in the original complaint, within the three-year limitations period, or at least named the superintendent of the facility and obtained the names of the responsible officers through discovery." 80 F.3d at 37. In deciding that Soto's mistake was one contemplated by Rule 15, the court distinguished its earlier decision in *Barrow v. Wethersfield Police Dep't*, 66 F.3d 466 (2d Cir.1995), modified, 74 F.3d 1366 (2d Cir.1996).

In *Barrow*, the court declined to allow the amendment of a complaint to name individual police officers after the limitations period, where the plaintiff had been directed by the district court judge, before the limitations period had run, to find out the names of the individual officers and to amend the complaint to add them. The plaintiff's response was to add only "John Doe" officers. The Second Circuit distinguished the situation in *Barrow* from that in *Soto*, noting that in *Soto*, the court was "faced with a plaintiff who mistakenly believed that suing the police department, rather than a department head, would suffice." Because Soto did not know that he needed to name individual defendants, his failure to do so was found to be a "mistake" for purposes of Rule 15(c)(3).

Apparently, Mosley was not aware that he needed to list individuals in the caption of his complaint, nor that he needed to make certain allegations about municipal defendants such as the Police Department or Sheriff's Department. He did name Joseph Jablonsky, but does not make a single allegation against him in the original complaint. Instead, Mosley sets forth allegations relating only the conduct of the four officers. It would appear from all the circumstances that Mosley intended to name the individuals, and

---

**3.** It is not clear why the County defendants did not make a motion to dismiss on this basis, but they did not. Such a motion would have alerted the plaintiff to the deficiencies of his pleading long ago. The court recognizes, of course, that the defendants were under no obligation to make such a motion.

that his mistake was in excluding them from the caption. The Clerk's office, in its service of the complaint, served only Jablonsky and the County, basing the service on the caption and not on the separate list of defendants. Years went by when it appeared that the plaintiff, his attorney, and the court assumed the individuals were defendants when in fact they were not. The record before the court does not allow a conclusion as to whether the County Attorney's Office, counsel for the named defendants, went along with this error, although, as noted earlier, the defendants did not object to Mr. Pickney's withdrawal based on his friendship with the "named defendant" Dwayne Boyd.

In any event, the original complaint, the proposed amended complaint, and much of what has happened in between all support a finding that Mr. Mosley is ignorant of both "the technicalities of constitutional tort law" and procedural requirements, and that he would have drafted a more accurate original complaint had he known what he was doing. *See Soto,* 80 F.3d at 37. Like Soto, Mosley apparently did not know that he needed to name individual defendants in the caption as well as in the list of defendants, and his failure to do so, under the circumstances of this case, can be characterized as a "mistake" for purposes of Rule 15(c)(3).

Moreover, because "government officials are charged with knowing the law, ... any ... corrections officers who were aware of a lawsuit arising out of the [alleged] attack" on Mosley "knew or should have known" that they, and not the Nassau County Police Department or Sheriff's Department or the sheriff, "were subject to liability for the constitutional torts he alleged." *Id.* Thus, the next question is whether the four officers were "aware of a lawsuit arising out of" their alleged attack on Mosley. Rule 15(c)(3) looks to whether the party to be added has, within 120 days (the time for service set forth in Rule 4(m)), "received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits." Here, the defendants to be added were not served within 120 days of the service of the original complaint. The inference to be drawn from the record, however,

is that they were on notice of the institution of the action. The defendants do not, in their opposition to the motion, claim that they had no notice of the lawsuit. And, on a practical basis, it seems impossible to the court that they were not aware of it, since the defense of the named defendants would have to be predicated on the officers' version of the events alleged, and they would necessarily have participated in discovery, either as actual deponents or as a source of information for the named defendants.

■ Knowledge of the pendency of an action can be imputed to a party to be added as a defendant "where there has been 'some showing that the [proposed defendant's] attorney[ ] knew that the additional defendant[ ] would be added to the existing suit.'" *Almeda,* 2001 WL 868286 at *2, 2001 U.S. Dist. LEXIS 10605 at *8–9 (quoting *Gleason v. McBride,* 869 F.2d 688, 693 (2d Cir.1989) and citing *Byrd v. Abate,* 964 F.Supp. 140, 146 (S.D.N.Y.1997) ("notice of lawsuit can be imputed to a new defendant state official through his attorney, when the attorney also represents the officials originally sued") & *Hood v. City of New York,* 739 F.Supp. 196, 198–99 (S.D.N.Y.1990) (notice imputed to city employees where Corporation Counsel should have known that omission of employees from original complaint was due to plaintiff's mistake, and Corporation Counsel had discretion to represent employees in cases relating to their job-related actions)). The court in *Almeda* found that where Corporation Counsel was served with the original complaint, which failed to assert a Monell claim against the City or name an individual defendant, but identified the party to be named by name and shield number, Corporation Counsel "should have known that [the proposed defendant] would be added" to the action. *Almeda* at *3. The same conclusion should be reached here.

■ The Nassau County Attorney's Office should have known that, given the deficiencies of the original complaint, Officers Holt, Kusky and McGovern should have been named, and would, when the mispleading became evident, be added. Thus, the court finds that those three officers, who are the individuals accused of mistreating Mosley,

were on notice of the complaint within 120 days of service of the complaint. The same is not, however, true of Officer Boyd. Although the court finds that Boyd was no doubt on notice of the complaint, neither he nor the County Attorney had any reason to think that he should have been or would be named as a defendant. The original complaint alleges only that Boyd "was there that night, but never took part, he was the fourth officer working that night." Based on this language, Boyd had no reason at all to think that he might be liable for any damages sustained by Mosley. Indeed, the language used in the original complaint specifically states that Boyd did not participate in the alleged attack, and he thus could not have known that, but for Mosley's mistake, Boyd "the action would have been brought against" him. Thus, the court finds that Boyd was not on notice pursuant to the meaning of Rule 15(c)(3).

Under Rule 15, notice alone is not sufficient for relation back of late claims against new defendants. The notice must be such that "the party will not be prejudiced in maintaining a defense on the merits." Although the defendants here do not claim that the officers did not receive notice of the lawsuit, they do claim that the officers will be prejudiced by being added as defendants seven years after the lawsuit was started. See Mem. of Law in Opp. at 4. The court in *Almeda* noted the short delay in serving the proposed amended complaint—33 days after service of the original complaint-and found that the proposed defendant's defense on the merits would not be prejudiced by the plaintiffs' "short delay in bringing him into the action." Here, the delay is counted not in days, but in years: seven of them. The court is certainly concerned about prejudice under these circumstances. However, as to Officers Holt, Kusky and McGovern, the court finds that they have not established that they will be prejudiced. The factual allegations in the original complaint focus entirely on their alleged conduct, and, as noted earlier, they of necessity must have participated in discovery. Moreover, it is likely that they will be represented by the County Attorney, who has conducted the discovery in this action from its inception.

The prejudice to Officer Boyd, is, however, a different matter. As noted earlier, the language used in the original complaint specifically states that Boyd did not participate in the alleged attack, and the court finds that he would be prejudiced in defending himself on the merits after all this time and under these circumstances, and the motion to amend is denied as to him.

Although the court is very reluctant to grant a motion to amend seven years after the original complaint, under the circumstances of this case, the amendment will be allowed to add Kusky, Holt and McGovern as named defendants. The plaintiff must, by May 3, 2002, submit a revised amended complaint that sets forth, in the caption and in the body of the complaint, each defendant in the action. The first names of Officers Kusky, Holt and McGovern must be used, and the plaintiff must indicate which, if any, institutional defendants he wishes to retain. The plaintiff is on notice that this will be his last opportunity to submit an amended complaint and that any deficiencies in the complaint to be submitted on May 2 will not be amenable to correction.

So that the plaintiff can include the correct names of the officers, the defendants are directed to provide Mosley with their full names within ten days of the date of this order. The defendants should be aware that Mr. Mosley, DIN 95A1664, is now housed at the Greene Correctional Facility, P.O. Box 975, Coxsackie, N.Y. 12051–0975. This information was shared with the court in a letter from Mosley dated March 20, 2002, which, incredibly at this late date in the litigation, does not reflect service on the defendants. The plaintiff is reminded once again that any communications that do not reflect such service will be returned to him.

The court cannot determine, on the record before it, whether additional discovery will be necessary. Both the plaintiff and the defendants shall submit to the court, in writing, a statement of the discovery that was conducted prior to the close of discovery in April 1999 or thereafter, and a short statement of any additional discovery that the amendment to the complaint will require, in the opinion

of the respective parties. The parties also must present an argument as to why the additional discovery was not conducted earlier, in light of the clear factual allegations about the conduct of Officers Holt, Kusky and McGovern set forth in the original complaint, and the fact that their alleged conduct lies at the very heart of the case. For example, given that the plaintiff himself believed that the three officers were served as defendants in the lawsuit, the court is hard pressed to think of any reason why he would not have deposed them, if that indeed is the case, and the court will not reopen discovery based simply on neglect by either party. The statements regarding discovery must be filed with the court by May 27, 2002. The parties are forewarned that, if additional discovery is reluctantly permitted, it will be done on an expedited basis.

SO ORDERED.