Ronald G. LOEBER, Plaintiff,

v.

The COUNTY OF ALBANY; James Campbell, Individually, and in His Capacity as Sheriff of Albany County; [Defendant "E"], "John Doe"; [Defendant "F"], "Peter Doe"; and [Defendant "G"], "Jane Doe", Individually, and in their capacities as Deputy Sheriffs or Court Officers, Defendants.

No. 00–CV–0434.

United States District Court,
N.D. New York.

Aug. 15, 2002.

Sidney Siller, New York City, for plaintiff.

Roche, Corrigan, McCoy & Bush (Scott Bush, of counsel), Albany, NY, for defendants.

### MEMORANDUM–DECISION AND ORDER

HURD, District Judge.

### I. *INTRODUCTION*

█ Plaintiff Ronald Loeber ("Loeber" or "plaintiff") commenced the instant action pursuant to 42 U.S.C. § 1983 asserting violations of his First, Fourth, Fifth, Eighth, Ninth, and Fourteenth Amendment rights. Plaintiff also asserts pendent state law claims for false arrest and imprisonment.[1] Three John/Jane/Peter Does are named in the complaint but have never been substituted for actual individuals.[2] All state defendants were previously dismissed.[3] Pursuant to written stipulations, the complaint as against defendants Richard DeStefano, Esq. and Philip Caponera, Esq. was dismissed with prejudice. Also pursuant to written stipulations, the complaint as against defendants Charles Rao and Marini Builder, Inc. was dismissed without prejudice.

The remaining defendants, County of Albany ("the County") and James Campbell ("Campbell"), move for summary judgment pursuant to Fed.R.Civ.P. 56. Plaintiff opposes. Oral argument was heard over video on October 15, 2001. Decision was reserved.

### II. *FACTS*

The following are the facts viewed in the light most favorable to the plaintiff. On December 30, 1997, the plaintiff was taken into custody based upon an Order of Commitment signed by New York State Supreme Court Justice Joseph Teresi. The Order of Commitment was based upon plaintiff's refusal to sign a corrective deed. Plaintiff was to have served six months for this civil contempt. The contempt order was later expunged, and Justice Teresi was censured for conduct relating to this, and three other complaints.

Upon being taken into custody by a deputy sheriff, plaintiff was taken to a holding cell at the Albany County Courthouse. He was strip-searched in the holding cell. He was then taken to the Albany County Penitentiary, where he was strip-searched again on intake. On February 11, 1998, Loeber was taken to the Special Housing Unit ("SHU") for possessing cigarettes and candy, which are considered prison contraband. Following Albany County Penitentiary policy, he was strip-searched upon entering SHU. Approxi-

---

1. Plaintiff also asserted claims for assault and battery and intentional infliction of emotional distress in his complaint, but failed to oppose defendants' motion for summary judgment with respect to those claims. Pursuant to Local Rule 7.1(b)(3) those claims must be dismissed.

2. Using "Doe" in place of specifically naming a defendant does not serve to sufficiently identify the defendant. *Johnson v. Stinson*, 2002 WL 109270, *1, 28 Fed.Appx. 71, *72 (2d Cir.2002) (following *Barrow v. Wethersfield Police Dep't*, 66 F.3d 466, 470 (2d Cir. 1995)). On October 10, 2000, plaintiff made a motion to amend the caption of his complaint, and to be permitted to substitute the proper and true names for the defendants named "Doe" within a reasonable time of completion of discovery. His motion was granted. However, in the almost two years that have passed, he has failed to name the "Doe" defendants. Therefore, his complaint with respect to them must be dismissed.

3. The New York State Attorney General's office made a motion to dismiss on behalf of the defendants State of New York and Joseph S. Teresi, Justice of the Supreme Court. The motion was not opposed in a timely manner by the plaintiff. Therefore, the motion to dismiss with respect to the State defendants was granted.

mately twelve or more officers took him into SHU and shouted at him, ordering him to put his hands and face into a mat that was hanging on the wall. Plaintiff was told where to put his hands, his face and his feet and was told to take off all of his clothes. He was then strip-searched. A female officer who was present video-taped the strip search.[4] After spending a few days in SHU, and a total of 45 days in the jail, plaintiff was released.

## III. DISCUSSION[5]

### A. Summary Judgment Standard

Summary judgment must be granted when the pleadings, depositions, answers to interrogatories, admissions, and affidavits show that there is no genuine issue as to any material fact, and that the moving party is entitled to summary judgment as a matter of law. Fed.R.Civ.P. 56; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Lang v. Retirement Living Pub. Co.*, 949 F.2d 576, 580 (2d Cir.1991). The moving party carries the initial burden of demonstrating an absence of a genuine issue of material fact. Fed.R.Civ.P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Thompson v. Gjivoje*, 896 F.2d 716, 720 (2d Cir.1990). Facts, inferences therefrom, and ambiguities must be viewed in a light most favorable to the nonmovant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Project Release v. Prevost*, 722 F.2d 960, 968 (2d Cir.1983).

When the moving party has met the burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.*, 475 U.S. at 586, 106 S.Ct. 1348. At that point, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56: *Liberty Lobby Inc.*, 477 U.S. at 250, 106 S.Ct. 2505; *Matsushita Elec. Indus. Co.*, 475 U.S. at 587, 106 S.Ct. 1348. To withstand a summary judgment motion, evidence must exist upon which a reasonable jury could return a verdict for the nonmovant. *Liberty Lobby, Inc.*, 477 U.S. at 248–49, 106 S.Ct. 2505; *Matsushita Elec. Indus. Co.*, 475 U.S. at 587, 106 S.Ct. 1348. Thus, summary judgment is proper where there is "little or no evidence . . . in support of the non-moving party's case." *Gallo v. Prudential Residential Servs.*, 22 F.3d 1219, 1223–24 (2d Cir.1994) (citations omitted).

### B. Municipal Liability

■ Municipalities cannot be held liable under § 1983 based upon the theories of respondeat superior or vicarious liability. *Monell v. Department of Social Servs.*, 436 U.S. 658, 694–95, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). A municipality

---

**4.** Albany County Penitentiary's SHU strip search policy calls for strip searches when a prisoner is found with contraband. This type of policy is constitutional. *Weber v. Dell*, 804 F.2d 796, 802 (2d Cir.1986). Loeber admits to possessing prison contraband. He was strip searched upon admission to SHU pursuant to their lawful policy. Accordingly, Loeber's complaint with respect to the SHU strip search must be dismissed.

**5.** Plaintiff's opposition papers, including the "sworn" affidavit of his attorney, are not signed by the attorney. Rather, a signature stamp was used. Defendants argue that on this basis alone their motion should be granted. However, the defendants' themselves are not immune from technical violations of the Local Rules. Their purported Local Rule 7.1 statement of undisputed facts, consists mainly of recitations of allegations from the complaint, which is wholly inadequate. Nevertheless, the arguments of both parties will be analyzed.

may be found liable under § 1983 only where

> [T]he action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers. Moreover ... local governments ... may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such custom has not reached formal approval through the body's official decision-making channels.

*Id.* at 690–91, 98 S.Ct. 2018. Thus, an unconstitutional governmental policy may be inferred either from the official pronouncements and actions of a governmental agency, or from custom. A single decision by a municipal official with final policy making authority may also create a municipal policy. *See Pembaur v. Cincinnati,* 475 U.S. 469, 480, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986); *see also Krulik v. Board of Educ. of New York,* 781 F.2d 15, 23 (2d Cir.1986) (stating that "an individual official's acts can rise to the level of 'policy' when 'senior personnel' knowingly 'acquiesce' in their subordinates' behavior").

■ The plaintiff in this case claims that there was an official strip search policy in effect at the holding cell in the Albany County Courthouse on December 30, 1997. Since plaintiff cannot, as a matter of law, establish a constitutional violation on a theory of vicarious liability, he must be able to prove the existence of a governmental policy or custom. Although plaintiff claims that an official strip search policy was in effect on December 30, 1997, he admits that this alleged policy did not apply to persons arrested for civil contempt. Additionally, plaintiff provides no evidence that strip searches of persons arrested for civil contempt was a custom of the defendants. Plaintiff merely alleges the particular facts of the instant case, which is insufficient to raise an inference of a municipal custom or policy, *see City of Oklahoma City v. Tuttle,* 471 U.S. 808, 823–24, 105 S.Ct. 2427, 85 L.Ed.2d 791. (1985).

■ Plaintiff also claims that he was strip-searched when he was admitted to the Albany County Penitentiary. The Fourth Amendment prohibits a blanket policy where all misdemeanor or minor offense arrestees are strip-searched when admitted to jail, *see Walsh v. Franco,* 849 F.2d 66 (2d Cir.1988). Rather, a strip search of a misdemeanor or minor offense arrestee may only take place where "a reasonable suspicion that the arrestee is concealing weapons or other contraband based on the crime charged, the particular characteristics of the arrestee, and/or the circumstances of the arrest." *Weber v. Dell,* 804 F.2d 796, 802 (2d Cir.1986). In this case, the defendants' strip search policy only calls for strip searches upon admission where reasonable suspicion exists that the arrestee possesses contraband. Therefore, the defendants' policy is constitutional.

Since plaintiff cannot, as a matter of law, establish a constitutional violation based on defendants' written policy, he must be able to prove the existence of a governmental custom or practice. Plaintiff provides no evidence that strip searches of civil contempt arrestees was the practice or custom of the Albany County Penitentiary. He alleges the particular facts of his case, which, as stated above, is insufficient to raise an inference of a municipal custom or policy, *see City of Oklahoma City,* 471 U.S. at 823–24, 105 S.Ct. 2427 (1985).

■ Plaintiff also presents no evidence that the decision to strip search him in either case was made by a municipal official with final policymaking authority. *See Pembaur,* 475 U.S. at 480, 106 S.Ct. 1292. In fact, plaintiff has failed to even name a single person who he alleges strip-searched him. Therefore, the plaintiff has

failed to come forward with any evidence that the challenged actions were taken pursuant to a custom or policy attributable to the County.

### C. *Personal Involvement*

Even viewing the facts in the light most favorable to the plaintiff, he claims no personal involvement of Campbell in the events of December 30, 1997. Absent such evidence, no reasonable fact finder could conclude that he violated federal law. Accordingly, the plaintiff's claim against Campbell in his individual capacity must be dismissed.

### IV. *CONCLUSION*

The plaintiff has failed to raise any issues of fact against the remaining defendants.

Accordingly, it is

ORDERED, that

1. Defendants' motion for summary judgment is GRANTED; and

2. The complaint is DISMISSED in its entirety.

The clerk is directed to enter judgment accordingly.

IT IS SO ORDERED.