**HAMPTON BAYS CONNECTIONS, INC., and Phoenix Group of Hampton Bays, Inc., Plaintiffs,**

**v.**

**Robert DUFFY, individually, Nancy Graboski, individually, John Blaney, individually, Peg Caraher, individually, Vincent Martorello, individually, Paul J. Houlihan, individually, "John Doe" and "Jane Doe", # 's 1–5, 6–10, and 11–15, individually and personally, representing the fictitious names of individuals, whose full names are unknown to Plaintiff, were at all relevant times herein employees of the Town of Southampton Department of Land Management Planning Division, The Town of Southampton Department of Land Management and Zoning Division, and the Town Board Members of the Town of Southampton, and the Town of Southampton, Defendants.**

**No. CV 99–7029(ADS)(MLO).**

United States District Court,
E.D. New York.

Jan. 2, 2003.

Perry, Kearon & Campanelli, LLP, by Andrew J. Campanelli, of counsel, Westbury, NY, for Plaintiffs.

The Law Offices of Frederick Eisenbud, by Frederick Eisenbud, Alicia Menechino, Lynda M. Zukaitis, of counsel, Commack, NY, for Defendants.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

On October 29, 1999, Hampton Bay Connections, Inc. ("HBC") and the Phoenix Group of Hampton Bays, Inc. ("Phoenix") (collectively, the "plaintiffs") commenced this action against the Town of Southampton ("Town") and various of its agencies, employees, and officials (collectively, the "defendants") for, among other things, violating the plaintiffs' constitutional rights to free speech, equal protection, and substantive and procedural due process under 42 U.S.C. § 1983. Presently before the Court is the plaintiffs' motion to amend the caption of this action and to amend the amended complaint to reassert HBC's equal protection claim.

## I. BACKGROUND

The facts and parties are discussed in greater detail in the Court's January 26, 2001 Memorandum and Order, familiarity with which is presumed. The relevant facts are repeated here for the purpose of determining the plaintiffs' present motions.

HBC filed a zoning application that sought a special exception use permit and site plan approval to build a McDonald's Restaurant upon HBC's property. The plaintiffs claimed that the defendants made it clear that they did not want a McDonald's in the Hampton Bays. The amended complaint alleged that defendant Robert Duffy ("Duffy") warned HBC that if it pursued its application, he would prevent HBC from developing a surgical center on its property, a separate project that HBC was undergoing. According to the plaintiffs, the defendants began a series of attacks against the plaintiffs in an effort to persuade HBC to withdraw its application in connection with the McDonald's develop-

ment. The plaintiffs claimed that one of the attacks included a six-month moratorium enacted by the Southampton Town Board to halt all construction in the area.

The plaintiffs alleged that Cat Cove was a real estate developer who wanted to build a 90,000 square foot shopping center one and one-half miles from where HBC wanted to construct an ambulatory surgery center. Because the Town Board imposed a moratorium on zoning approvals, Cat Cove's application for approval to build was stayed and HBC was prevented from applying to have its property re-zoned to a planned development district. Subsequently, both Cat Cove and HBC applied to the Town Board for an exemption from the six-month moratorium so that their respective petitions could be heard. Although the Town Board granted Cat Cove's application for an exemption on December 18, 1998, it denied HBC's application in January 1999.

In the Memorandum and Order, the Court determined that the amended complaint sufficiently alleged that HBC and Cat Cove were similarly situated, in that they were both real estate developers who applied for exemptions to the moratorium so that they could then petition the government for further zoning-related relief. The Court further determined that the amended complaint sufficiently alleged that HBC and Cat Cove were treated differently in that Cat Cove's application was granted, but HBC's was not.

The Court also determined that the amended complaint contained facts supporting an allegation of punishment for the exercise of constitutional rights. These allegations included: (1) Duffy's statements that he did not want a McDonald's in the Hampton Bays; (2) Duffy's statements that he would grant an application for the ambulatory surgery center if HBC did not pursue the McDonald's project; and (3) an ongoing campaign to delay and derail the plaintiffs' construction of the restaurant and the surgery center. Nevertheless, the Court concluded that HBC's equal protection claim failed because the assertions of punishment for the exercise of constitutional rights did not relate to the Town Board, which is the entity that

was alleged to have treated the plaintiffs differently from Cat Cove.

The Court noted that the plaintiffs did not contend that the Town Board made the decisions that delayed and denied the construction of the McDonald's and the ambulatory surgery center. Rather, the amended complaint asserted that the Planning Board, Duffy, and the Building Department were the ones responsible for those decisions. The Court further noted that the complaint referred only to Section 1983, and not to Section 1985, the conspiracy component of the civil rights legislation. The Court determined that the plaintiffs failed to adequately plead a conspiracy and failed to plead facts that demonstrated that the Town Board entered into an agreement, tacit or otherwise, to violate a constitutional right. Therefore, among other rulings, the Court granted the defendants' motion to dismiss HBC's equal protection claim.

The plaintiffs now seek to amend the amended complaint to re-assert the equal protection claim and to amend the caption. In particular, the plaintiffs propose to add Martha Rogers, James Drew, Patrick Heaney and Steve Halsey ("Town Board members"), as individual defendants, in place of "JOHN DOES and JANE DOES # 's 11–15 representing the Town Board Members of the Town Southampton." In addition, the plaintiffs seek to re-assert the equal protection claim against the Town Board members, as well as the Town.

## II. DISCUSSION

### A. Motion to Amend

A motion to amend is governed by Rule 15(a) of the Federal Rules of Civil Procedure ("Fed. R. Civ.P."), which states that leave to amend "shall be freely given when justice so requires." Only undue delay, bad faith, futility, or prejudice to the nonmoving party may serve as a basis for denying leave to amend. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). The decision to grant or deny a motion to amend rests within the sound discretion of the district court. *Zahra v. Town of Southold,* 48 F.3d 674, 685 (2d Cir.1995).

## 1. Futility

■ If an amendment is futile, "it is not an abuse of discretion to deny leave to amend" to the moving party. *Ruffolo v. Oppenheimer & Co.,* 987 F.2d 129, 131 (2d Cir.1993). A determination that a proposed claim is futile is made under the same standards that govern a motion to dismiss under Fed.R.Civ.P. 12(b)(6). *See A.V. by Versace, Inc. v. Gianni Versace, S.p.A.,* 160 F.Supp.2d 657, 666 (S.D.N.Y.2001). Thus, an amendment is futile "if the proposed amended complaint would be subject to 'immediate dismissal' for failure to state a claim or on some other ground." *Randolph–Rand Corp. of New York v. Tidy Handbags, Inc.,* No. 96–1829, 2001 WL 1286989, at *5, 2001 U.S. Dist. LEXIS 17625, at * 15 (S.D.N.Y. Oct. 24, 2001) (quoting *Jones v. New York Div. of Military & Naval Affairs,* 166 F.3d 45, 55 (2d Cir.1999)). In addition, in evaluating a motion to dismiss, the Court must accept the factual allegations contained in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Cooper v. Pate,* 378 U.S. 546, 84 S.Ct. 1733, 12 L.Ed.2d 1030 (1964).

In the January 26, 2001 Memorandum and Order, the Court determined that HBC sufficiently alleged that it was similarly situated to and treated differently from Cat Cove. However, the Court found that the "assertions of punishment for the exercise of constitutional rights do not relate to the Town Board, which is the entity alleged to have treated the plaintiffs differently."

According to the plaintiffs, they have obtained significant evidence through the course of discovery supporting an equal protection claim against the Town and Town Board members. In particular, the plaintiffs assert that they have learned that, (1) Town Board member Martha Rogers testified that it was primarily Duffy's idea to institute the moratorium which halted all developments on HBC's land; (2) Duffy issued a memo to the Town Board recommending that they consider postponing any action on the exemption of HBC's property but failed to issue a similar memo to the Town Board in connection with Cat Cove's exemption application; (3) the Town Board held an illegal vote in connection with HBC's application for an exemption; (4) Martha Rogers acknowledged that no formal vote was ever taken on HBC' application for an exemption from the moratorium; (5) Martha Rogers reported that she voted against HBC's application based on Duffy's recommendation; and (6) Martha Rogers testified that the Town Board failed to consider any of the criteria that it was required to consider when illegally voting on HBC's exemption application. Thus, the amendment to the amended complaint expands the scope of the plaintiffs' allegations of misconduct by the Town Board members and the Town. Accordingly, given the allegations summarized above, the defendants' "futility" argument must fail.

## 2. Undue Prejudice

■ In opposing the plaintiffs' motion to amend the complaint, the defendants also argue that granting the amendment would result in undue prejudice. The defendants claim that they will be prejudiced by the proposed amendment because discovery is already completed and many depositions will have to be taken over again. The defendants assert that this will add enormously to the already heavy expense to the Town.

■ The Court finds the defendants' arguments unpersuasive. The mere fact that discovery is completed does not mean that the defendants will suffer undue prejudice. *See Randolph–Rand Corp. of New York v. Tidy Handbags, Inc.,* No. 96–1829, 2001 WL 1286989, at *4, 2001 U.S. Dist LEXIS 17625, at *14 (S.D.N.Y. Oct. 24, 2001). The plaintiffs' proposed equal protection claim makes clear that the claim arises from the same set of facts as the original claims. As such, repetitive depositions may not be necessary if the equal protection claim is re-asserted. Furthermore, even if additional discovery is needed, such discovery would not be extensive.

■ Moreover, as the Second Circuit has stated, "the adverse party's burden of undertaking discovery does not outweigh the Federal Rules' policy of liberally granting these amendments, thereby enabling the parties to adjudicate disputes on their merits." *S.S.*

*Silberblatt, Inc. v. East Harlem Pilot Block–Bldg. 1 Hous. Dev. Fund Co., Inc.*, 608 F.2d 28, 43 (2d Cir.1979). "Allegations that an amendment will require the expenditure of some additional time, effort, or money do not constitute 'undue prejudice.'" *Randolph–Rand Corp. of New York*, 2001 WL 1286989, at *4, 2001 U.S. Dist. LEXIS 17625, at * 14. (citing *Block*, 988 F.2d at 351). Thus, the Court finds that the amendment will not result in undue prejudice to the defendants.

### 3. Bad Faith

An amendment is meant to enable a party "to assert matters that were overlooked or unknown ... at the time ... [of the] original complaint." *Smiga v. Dean Witter Reynolds, Inc.*, 766 F.2d 698, 703 (2d Cir.1985). Nothing in the record indicates bad faith on the part of the plaintiffs in seeking to amend the complaint. Because the proposed amendment is apparently based upon information obtained by the plaintiffs through discovery, the Court finds that the plaintiffs are moving in good faith.

Accordingly, the plaintiffs' motion to amend the amended complaint to re-assert HBC's equal protection claim against the Town and the Town Board is granted. However, for the reasons set forth below, the plaintiff's motion to assert an equal protection claim against the new individual Town Board members is denied.

### B. Motion to Add Town Board Members

The plaintiffs claim that through the course of discovery, they have learned the identities of the members of the Town Board. The plaintiffs seek to add Martha Rogers, James Drew, Patrick Heaney and Steve Halsey, individually, as defendants, in place of "JOHN DOES and JANE DOES # 's 11–15 representing the Town Board Members of the Town of Southampton". In opposing the plaintiffs' motion, the defendants argue that it would be futile to add the Town Board members because (1) the limitation period for a Section 1983 action is three years and more than three years have elapsed before the last act attributed to the Town Board; and (2) the individual Town Board members have absolute immunity.

Courts deny a motion to amend only "when the proposed amendment is legally insufficient and it would be futile to grant leave to amend." 3 Moore's Federal Practice (3d ed.1997) § 15.15[3] at 15–48; *Jones v. New York State Div. of Military & Naval Affairs*, 166 F.3d 45, 55 (2d Cir.1999). A proposed amendment to add defendants may be considered futile if "(1) the claim it seeks to assert is barred by the applicable statute of limitations, and (2) the claim does not relate back to the date of an earlier timely pleading." *Pastorello v. City of New York*, No. 95–470, 2001 WL 1543808, at *4, 2001 U.S. Dist. LEXIS 19919, at *10 (S.D.N.Y. Nov. 30, 2001) (citing *Mackensworth v. S.S. American Merchant*, 28 F.3d 246, 251–52 (2d Cir.1994)).

The plaintiffs' equal protection claim against the Town Board members arises under the provisions of 42 U.S.C. § 1983. The defendants correctly state that the statute of limitations for an action under 42 U.S.C. § 1983, when brought in federal court, is three years. *Singleton v. City of New York*, 632 F.2d 185, 189 (2d Cir.1980). A Section 1983 claim accrues when the plaintiff "knows or has reason to know of the injury which is the basis of his action." *Id.* at 191. The plaintiffs' equal protection claim against the Town Board members began to accrue on January 4, 1999 when the alleged improper vote was taken by the Town Board to deny HBC's exemption petition. The plaintiffs filed their motion to add the individual Town Board members on May 8, 2002. Therefore, the three-year statute of limitations has elapsed.

The plaintiffs do not deny that the limitations period has elapsed. However, the plaintiffs argue that the equal protection claim against the individual Town Board members is timely because the proposed amendment relates back to the original complaint for purposes of the statute of limitations under Fed.R.Civ.P. 15(c).

A claim against a new defendant in an amended complaint relates back to the original complaint if:(1) the claims against the new parties arise out of the same con-

duct, transaction, or occurrence as alleged in the original complaint; (2) the new party received notice of the suit within 120 days of institution so that it will not be prejudiced in its defense; and (3) the new party knew or should have known that, but for a mistake concerning the identity of the party, the action would have been brought against the party. Fed.R.Civ.P. 15(c). Thus, "the relation back provision in Rule 15 looks to whether a 'mistake' excuses the party's failure to name the proposed defendants in the first instance." *Mosley v. Jablonsky*, 209 F.R.D. 48, 51 (E.D.N.Y.2002).

 It is well-established that " 'John Doe' pleadings cannot be used to circumvent statutes of limitations, because replacing a 'John Doe' with a named party in effect constitutes a change in the party sued. Such an amendment may only be accomplished when all of the specifications of Fed.R.Civ.P. 15(c) are met." *Aslanidis v. United States Lines, Inc.*, 7 F.3d 1067, 1075 (2d Cir.1993).

Here, the defendants do not dispute that the equal protection claim against the Town Board members arises out of the conduct alleged in the initial complaint, nor do they dispute that the Town Board members received notice. Rather, the defendants argue that the plaintiffs' inability to identify the names of the Town Board members before the running of the limitations period does not constitute a "mistake," as that term was defined by the Second Circuit in *Barrow v. Wethersfield Police Dep't*, 66 F.3d 466, 470 (2d Cir.1995).

In *Barrow*, prior to the end of the limitations period, the district court below instructed the plaintiff to amend his complaint to add individual officers as defendants in place of unnamed police officers. However, the plaintiff failed to follow the district court's instructions and attempted to amend his complaint after the limitations period had run. The Second Circuit determined that a "mistake" in identifying a defendant occurs when it is the result of "misnomer or misidentification," or when a plaintiff omits the individual defendant altogether in the erroneous belief that suing a government department will suffice. 66 F.3d at 469. The court specifically held that the addition of new names to correct a

lack of knowledge as to the identities of the parties does not serve to correct a "mistake." *Id.* at 470. Based on this holding, the defendants argue that the proposed amendment adding the Town Board members cannot relate back to the commencement of the litigation and that such claim is therefore futile.

In their reply papers, the plaintiffs contend that after *Barrow*, many courts have determined that a plaintiff's failure to identify the individual defendants may be characterized as a "mistake" for Rule 15 purposes. To support their position, the plaintiffs rely on *Byrd v. Abate*, 964 F.Supp. 140, 145–46 (S.D.N.Y.1997). In *Byrd*, the court applied the relation back doctrine to a plaintiff who initially sued John Doe defendants, and after the statute of limitations had run, named the actual defendants. Plaintiffs in *Byrd* made several attempts to learn the identities through defendants' counsel, but defendants refused to disclose the officer's identity or to produce records from which his identity could be ascertained. In distinguishing *Barrow*, the court noted that the plaintiff in *Barrow* disregarded an explicit direction from the court to obtain the identity of the officers' identities. *Id.* The court stated that, in contrast, the plaintiff in *Byrd* "made a series of efforts to obtain the identity of the individual officer without prompting, and well before the end of the limitations period." *Id.* The court held that based on the circumstances, a "mistake" had been made for purposes of Rule 15(c) and that "to hold that Rule 15(c) does not permit relation back in such circumstances would permit defense counsel to eliminate claims against any John Doe defendant merely by resisting discovery responses until the statute of limitations ended." *Id.* at 146.

The crucial factors from *Byrd* are missing in the present action. Nowhere in the record does it indicate that the plaintiffs made diligent efforts to identify the Town Board members. In addition, the plaintiffs fail to sufficiently demonstrate that the defendants deliberately concealed the names of the Town Board members or made repeated refusals to comply with discovery. Moreover, given that the plaintiffs are attempting to add the individual Town Board members based on the

identities they learned from the deposition of Town Board member Martha Rogers taken on December 3, 2001—a date within the three year statute limitations—the plaintiff cannot now argue that the identities of the Town Board members were unknown to them until after the statute of limitations had expired.

The Second Circuit has reaffirmed the holding in *Barrow* and has held that a plaintiff is not considered to have made a "mistake" if the plaintiff knew that he was required to name an individual as a defendant but did not do so because he did not know the individual's identity. *See Johnson v. Stinson,* No. 01–0117, 28 Fed.Appx. 71, 72, 2002 U.S. App. LEXIS 1462, at *3 (2d Cir. Jan. 25, 2002); *Bove v. New York City,* No. 99–9181, 2000 WL 687720, at *1, 2000 U.S. App. LEXIS 11895, at *3 (2d Cir. May 24, 2000); *Tapia–Ortiz v. Doe,* 171 F.3d 150, 152 (2d Cir.1999). The plaintiffs do not seek to correct a misnomer or misidentification in their amended complaint. Thus, the plaintiffs never made any mistake concerning the identity of the Town Board members. Rather, as in *Barrow,* the individual defendants were not named upon the initiation of the suit because the plaintiffs did not know the identities of the Town Board members. As such, the amendment to add the individual Town Board members would not relate back to the filing of the original complaint. Accordingly, the plaintiffs' request to add Martha Rogers, James Drew, Patrick Heaney and Steve Halsey as individual defendants is denied. Because the plaintiffs are barred by the statute of limitations from adding the Town Board members to the action, the Court need not address the issue of whether the Town Board members are protected by absolute immunity.

### III. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED**, that the plaintiffs' motion to amend the amended complaint to re-assert the equal protection claim against the Town Board and the Town is **GRANTED**; and it is further

**ORDERED**, that the plaintiffs' motion to add Martha Rogers, James Drew, Patrick Heaney and Steve Halsey, as individual defendants, in place of JOHN DOES and JANE DOES #'s 11–15 representing the Town Board Members of the Town Southampton is **DENIED**, and it is further

**ORDERED**, that the plaintiffs are to serve the second amended complaint within 30 days of the date of this order; and it is further

**ORDERED**, that the parties are directed to appear for jury selection on March 3, 2003, at the United States District Court, Long Island Federal Courthouse, 1024 Federal Plaza, Central Islip, New York 11722, in Room 1024.

**SO ORDERED.**